LEONARD EVERETT, Appellant, v. THE NATIONAL BANK OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, November 9, 1896.

Sales: CONTRACT: CONSTRUCTION.    A contract for the sale of cord wood is construed, and it is *held*, that the defendant did not agree to pay for the wood according to the measurement of its assignor, but to receive and pay for such amounts as were delivered to it.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*R. A. Brown* for appellant.

The respondent, as assignee, guaranteed the contract originally entered into between appellant and Thomas E. Brittain its assignor.    Appellant was entitled to recover for the full six hundred and seventy-seven cords of wood measured and accepted in the timber by Thomas E. Brittain, prior to the date of the assignment of said contract.    The respondent, as assignee, took the contract subject to all the equities existing

between the original parties thereto. Bishop on Contracts, sec. 1180; 1 Am. and Eng. Encyclopedia of Law, p. 842. *Bobb v. Taylor*, 56 Mo. 311; *Jack v. Davis*, 29 Ga. 219; *Barney v. Grover*, 28 Vt. 391; *Kleman v. Frisbie*, 63 Ill. 482; *Timms v. Shannon*, 19 Md. 296: *Marshall v. Cooper*, 43 Md. 61.

*Chas. F. Strop* and *L. J. Eastin* for respondent.

The court having found that a mistake was made under the Brittain measurement, the judgment should be affirmed. *Tate v. Barcroft*, 1 Mo. 163; *Cheek v. Waldron*, 39 Mo. App. 21; *Kortjohn v. Seimers*, 29 Mo. App. 271; *Bassett v. Glover*, 31 Mo. App. 150.

GILL, J.—Plaintiff Everett entered into a written contract with Brittain for the sale to the latter of a quantity of cord wood then cut and ricked on plaintiff's land. There was then supposed to be about seven hundred cords, and Brittain was to accept the wood there and pay for it before moving. Brittain agreed to pay $1.40 per cord, and at the date of the contract paid Everett $350. A few months thereafter Brittain transferred his interest in the wood to the defendant bank, who then and there, in writing, agreed with Everett, that it "would make good the contract" (entered into by Brittain) "so far as to take the seven hundred cords of wood, as provided in said contract, and pay for the same at the price therein stated, being allowed a credit thereon of $350, as so much paid on account of said wood thus to be delivered at the price named in the contract." The defendant measured up and took away five hundred and ninety-five cords of wood, leaving on the ground about fifteen cords. From this it would seem that there was not at any time, in all, exceeding six hundred and ten cords of wood. And so the

trial court held in a suit brought by plaintiff and gave judgment for him accordingly, and from which judgment plaintiff appealed.

We discover no reason for disturbing the judgment. It seems that shortly after Brittain made the contract for the purchase of the wood, he, Brittain, measured the same, as it then stood, and reported to plaintiff that there were six hundred and seventy-seven cords; and it is to this measurement plaintiff seeks to hold defendant. And if this is a proper and just contention, then the court should have given judgment for the price of six hundred and seventy-seven instead of six hundred and ten cords. But the court, who tried the case without the aid of a jury, was justified in finding that Brittain made an erroneous measurement, and that there was only six hundred and ten cords of wood instead of six hundred and seventy-seven. And if this was so, then clearly defendant was only bound for the former amount. The defendant did not agree to pay for the wood according to Brittain's measurement, but undertook to receive and pay for such amount as should thereafter be delivered to it, and on this theory the court's judgment for $560 was correct.

There were no instructions asked or given, and if the court's judgment can be upheld on any correct theory it is our duty to affirm the same. Judgment affirmed. All concur.